WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nick Mallas,<br><br>  Plaintiff,<br><br>vs.<br><br>Wells Fargo Home Mortgage, Inc.; Wells Fargo Bank, N.A.; Tiffany & Bosco, P.A.,<br><br>  Defendants. | No. CV 11-08129-PCT-JAT<br><br>**ORDER** |

Pending before the Court are Tiffany & Bosco, P.A.'s Motion to Dismiss the Complaint (Doc. 5), filed on August 18, 2011, Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 6), filed on August 22, 2011, Wells Fargo Bank, N.A.'s Motion for Summary Disposition (Doc. 12), filed on September 16, 2011. Plaintiff is representing himself and has not filed a response to any of these motions.[1]

**I.    FACTUAL BACKGROUND**

On November 30, 2006, Plaintiff executed a promissory note in the amount of $236,000.00, in connection with a loan from On Q Financial, Inc. ("On Q"). (Doc. 6, Exhibit A). The promissory note was secured by a Deed of Trust recorded against the property

---

[1] The Post Office has returned all mail sent by the Court to Plaintiff as undeliverable.

1  located at 260 Lake Havasu Avenue North, Lake Havasu City, Arizona 86403 (the
2  "Property"). (*Id.* at Exhibit B). The Deed of Trust was executed by Plaintiff, as borrower,
3  in favor of Capital Title Agency, as trustee for On Q. (*Id.*). In the Deed of Trust, Mortgage
4  Electronic Systems, Inc. ("MERS"), as nominee for On Q, was named as beneficiary. (*Id.*).

MERS assigned the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo") (*Id.* at Exhibit C). The Assignment of the Deed of Trust was recorded on February 24, 2009. (*Id.*). On March 9, 2011, a Notice of Substitution of Trustee was recorded, in which Wells Fargo appointed Michael A. Bosco, Jr. ("Bosco") as the successor trustee under the Deed of Trust. (*Id.* at Exhibit D). Immediately, thereafter, Bosco recorded a Notice of Trustee's Sale. (*Id.* at Exhibit E). The trustee's sale of the Property was originally scheduled for June 8, 2011. (*Id.*). On July 9, 2011, the Property was sold at public auction. (*Id.* at Exhibit F).

## II.  THE FIRST AMENDED COMPLAINT

On July 13, 2011, Plaintiff filed this action in Mohave County Superior Court. On July 25, 2011, Plaintiff filed a First Amended Complaint.

In the First Amended Complaint, Plaintiff alleges that none of the "alleged beneficiaries or representatives of the Beneficiary" have the original Note on the Property to prove that they were the party authorized to conduct the foreclosure on the Property. (Doc. 1 at Exhibit A, ¶ 9). Plaintiff alleges that the notices and foreclosure of the Property failed to conform with the provisions of Arizona Revised Statutes Section 33-811(A) and, thus, the foreclosure is void as a matter of law. (*Id.* at ¶¶ 10-12, 31, 32). Plaintiff alleges that Defendants represented to Plaintiff and third parties that they were the owner of the Trust Deed and Note as either the Trustee or Beneficiary on the Property and, based on this representation, they caused a notice of default to be issued in violation of Plaintiff's rights. (*Id.* at 44).

Plaintiff alleges that Defendant[2] verbally promised him a loan modification and

---

[2] Plaintiff does not identify which Defendant verbally promised him a loan modification.

- 2 -

1 subsequently revoked the offer after Plaintiff complied with Wells Fargo's requests for
2 financial information. (*Id.* at ¶ 21). Plaintiff alleges that he justifiably relied on this promise
3 to his detriment. (*Id.* at ¶ 22, 23). Plaintiff alleges that this justifiable reliance resulted in
4 damages in the form of a higher interest loan, harm to his credit score, and foreclosure of the
5 Property. (*Id.*).

6 Plaintiff further alleges that Defendants knew they had no right to foreclose on his
7 property because they did not possess the original note. (*Id.* at 25). Plaintiff alleges that all
8 documents related to his loan were contracts of adhesion. (*Id.* at 29). Plaintiff alleges that
9 the type of loan given to him was unconscionable. (*Id.* at 30). Plaintiff alleges that
10 Defendants had a duty to prevent such foreclosure, but failed to act. (*Id.* at 36). Plaintiff
11 alleges that Defendants have no standing to enforce a non-judicial foreclosure. (*Id.* at 42).

12 Plaintiff does not allege that his loan payments were current at the time the power of
13 sale provisions in the Deed of Trust were invoked by the beneficiary under the Deed of Trust.

14 On August 15, 2011, Defendants removed this action from Mohave County Superior
15 Court. On August 18, 2011, Defendant Tiffany and Bosco filed a Motion to Dismiss the First
16 Amended Complaint arguing that Plaintiff failed to state a claim upon which relief can be
17 granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 22, Defendant
18 Wells Fargo also filed a Motion to Dismiss for failure to state a claim pursuant to Rule
19 12(b)(6). After Plaintiff failed to respond to either of these motions, on September 16, 2011,
20 Wells Fargo filed a Motion for Summary Disposition.

21 In its Motion for Summary Disposition, Wells Fargo argues that, pursuant to Local
22 Rule of Civil Procedure 7.2(i), Plaintiff's failure to respond should be considered consent to
23 its Motion to Dismiss.

24 **III.   SUMMARY DISPOSITION**

25 Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or
26 counsel does not serve and file the required answering memoranda . . . such non-compliance
27 may be deemed a consent to the . . . granting of the motion and the Court may dispose of the
28 issue summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be

- 3 -

filed within fourteen days after a motion is served.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42 U.S.C. § 1983 action for failure to follow a Nevada district court local rule. *Ghazali*, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered failure to file a response to a motion to "constitute a consent to the granting of the motion." *Id.* (quoting D. Nev. R. 140-6). The Court reasoned that the dismissal was proper because the pro se plaintiff was bound by the rules of procedure, and was given notice of the motion and ample time to respond. *Id.* at 54 (citing *King*, 814 F.2d at 567).

Similarly, in *Carey*, the Ninth Circuit upheld a dismissal without prejudice of 42 U.S.C. § 1983 action for failure to follow a Washington district court rule requiring a pro se plaintiff to keep the court and opposing parties informed of his current address. 856 F.2d 1439, 1441 (9th Cir. 1988). The rule allowed dismissal without prejudice if plaintiff failed to notify the court and opposing parties of his current address within 60 days of the Court receiving undeliverable returned mail from the Post Office. *Id.* The Court reasoned that the least possible sanction would be dismissal without prejudice because "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable,

through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." *Id.*

In this case, Plaintiff has failed to respond to any of the pending three motions that could determine the merits of his case and all of the motions have been pending for at least four months. As in *Carey*, the Court does not know and has no way of determining if Plaintiff intended to abandon this case or has simply failed to inform the Court and opposing parties of his current address. Regardless, it would prejudice Defendants and severely hamper the Court's ability to manage its own docket to keep this case pending indefinitely. Although all of Plaintiff's claims seem to be premised on theories that have consistently been rejected by the District Court of Arizona and the First Amended Complaint does not contain one well-pled fact as to why Tiffany and Bosco was named as a Defendant in this action, the Court finds that the least drastic sanction for Plaintiff's failure to respond to the motions to dismiss is dismissal of the case without prejudice.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Wells Fargo Bank, N.A.'s Motion for Summary Disposition (Doc. 12) is granted to the extent it seeks dismissal and denied to the extent it seeks dismissal with prejudice as follows:

Tiffany & Bosco, P.A.'s Motion to Dismiss the Complaint (Doc. 5) is granted.

Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 6) is granted.

The case is dismissed without prejudice. The Clerk of the Court shall enter judgment for Defendants accordingly.

DATED this 3rd day of January, 2012.

James A. Teilborg
United States District Judge